Cite as: 572 U. S. \_\_\_\_ (2014)          1
Opinion in Chambers

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13A1003 (13–854)

## TEVA PHARMACEUTICALS USA, INC., ET AL. *v.* SANDOZ, INC., ET AL.

ON APPLICATION TO RECALL AND STAY MANDATE

[April 18, 2014]

CHIEF JUSTICE ROBERTS, Circuit Justice.

The application to recall and stay the mandate of the United States Court of Appeals for the Federal Circuit, see 723 F. 3d 1363 (2013), is denied. To obtain such relief, applicant Teva Pharmaceuticals USA, Inc., must demonstrate (1) a "reasonable probability" that this Court will grant certiorari, (2) a "fair prospect" that the Court will reverse the decision below, and (3) a "likelihood that irreparable harm [will] result from the denial of a stay." *Maryland* v. *King*, 567 U. S. \_\_\_, \_\_\_ (2012) (ROBERTS, C. J., in chambers) (slip op., at 1) (internal quotation marks omitted). Teva has of course satisfied the first requirement, and has also shown a fair prospect of success on the merits. I am not convinced, however, that it has shown a likelihood of irreparable harm from denial of a stay. Respondents acknowledge that, should Teva prevail in this Court and its patent be held valid, Teva will be able to recover damages from respondents for past patent infringement. See Brief in Opposition 25–28. Given the availability of that remedy, the extraordinary relief that Teva seeks is unwarranted.

*It is so ordered.*